# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | **RE SENTENCE** |
| vs. | ) | |
| | ) | |
| Frances Kay Lester, | ) | Case No.: 1:12-cr-100 |
| | ) | |
| Defendant. | ) | |
| | ) | |

During the sentencing hearing held on November 29, 2012, the court stated it was taking under advisement the issue of restitution given the paragraph in the Presentence Investigation Report ("PSIR") questioning the court's authority to order restitution of "buy money" expended by the government. What follows is an explanation for why restitution will not be included in the judgment of conviction.

Defendant is a 54-year-old Native American female. Although an enrolled member of the Fort Peck Assinboine and Sioux Tribe in Montana, she is a life-long resident of the Standing Rock Sioux Reservation, currently living in Fort Yates, North Dakota. According to the PSIR, she has little earning capacity and extremely limited financial resources.

Defendant was indicted on four counts of possession with the intent to distribute and distribution of controlled substances. Pursuant to a plea agreement, defendant entered a plea of guilty to an Information charging simple possession of controlled substances, *i.e.*, morphine and oxycodone, under 21 U.S.C. § 844. The felony charges in the Indictment were dismissed.

1

During the sentencing hearing, the government asked the court to award restitution for "buy money" expended by the FBI in making controlled buys of drugs from defendant. In response to the paragraph in the PSIR questioning the court's authority to award restitution for this purpose, the government makes two arguments. The first is that the loss of the "buy money" makes the government a victim under the statutes that provide for an award of restitution to a "victim." The second is that defendant, in any event, agreed to pay the restitution.

In addressing these arguments, the court must begin with the relevant statutes since federal courts do not possess the inherent authority to order restitution. E.g., United States v. Balentine, 569 F.3d 801, 802 (8th Cir. 2009) (citing other cases). Turning first to the general statutes governing restitution codified at 18 U.S.C. §§ 3663 and 3663A, the court notes that § 3663A, which provides for mandatory restitution to victims of certain crimes, is not applicable because 21 U.S.C. § 844 is not one of the covered offenses. See 18 U.S.C. § 3663A(c)(1). With respect to § 3663, which covers a broader range of offenses and allows the court more latitude in terms of whether restitution should be awarded, the subject offense of simple possession is not one of the offenses listed under subsection (a)(1)(A), for which the court is authorized to award restitution on its own. However, it appears restitution could be ordered under § 3663 for a violation of 21 U.S.C. § 844 if it is provided for in a plea agreement. This is because § 3663 goes on to provide in subsection (a)(3) that: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

Sections 3663 and 3663A distinguish between awards of restitution to a "victim" and "persons other than the victim" and authorize restitution to the latter only if it is agreed to by the parties in a "plea agreement." 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(2)-(3). The sections define

"victim" to mean a "person directly and proximately harmed as a result of the commission of an offense . . . ."   18 U.S.C. § 3663(a)(2), 3663A(a)(2).[1]

The prevailing, if not universal view, is that the government is not a "victim" within the meaning of §§ 3663 and 3663A if the only loss being claimed is unrecovered "buy money" expended during the course of an investigation.  E.g., United States v. Cottman, 142 F.3d 160, 169 (3d Cir. 1998) (undercover purchases of illegal cable boxes and citing other cases from the First, Sixth, Ninth, and Eleventh Circuits); United States v. Gibbens, 25 F.3d 28, 33 (1st Cir. 1994) (undercover purchases of food stamps); Gall v. United States, 21 F.3d 107, 112 (6th Cir.1994) (undercover purchases of drugs); United States v. Salcedo-Lopez, 907 F.2d 97 (9th Cir. 1990) (undercover purchases of false identification documents); see United States v. Daddato, 996 F.2d 903, 905 (7th Cir. 1993) ("'Buy money' is best viewed as a cost of investigation.") (*dicta*).  The reason expressed in most of the cases is that "buy money" expended during an investigation is not a loss directly resulting from the commission of the crime, which is required to meet the definition of "victim" under §§ 3663 and 3663A (*i.e.* "a person directly and proximately harmed as a result of the commission of an offense . . ."). See id.  In addition, at least one court has concluded more broadly that the term "victim" by itself connotes a person that is a "passive sufferer of harm" and not a person who actively provokes the commission of a criminal offense.  United States v. Gibbens, 25 F.3d at 34-36.

So far, the Eighth Circuit has not ruled on the issue of whether the government is a "victim" within the meaning of §§ 3663 and 3663A with respect to the loss  of "buy money" and has only

---

[1] The  most commonsense interpretation of § 3663 is that the distinction between a "victim" and "persons other than the victim" applies to restitution awarded pursuant to a plea agreement under subsection (a)(3). In other words, to award restitution to a person who is not a "victim" under that subsection, it is not enough for the plea agreement to provide for restitution generally; there must be a specific agreement to pay restitution to a person who is not a "victim."

3

permitted restitution under the provisions that authorize an award of restitution to "persons other than the victim" when the parties have so agreed in a plea agreement. United States v. Fuehrer, 46 Fed.Appx. 377, 380 (8th Cir. 2002) (unpublished per curiam) (upholding the award of restitution where the plea agreement specifically provided that defendant "pay $1,510 . . . to the Iowa Division of Narcotics Enforcement for controlled buy money expended during the investigation."); see United States v. Ruff, 420 F.3d 772, 774 n.1 (8th Cir. 2005) ("The parties have not raised, and we do not decide, the issue whether, in the absence of a plea agreement obligating a defendant to make restitution to law enforcement for costs incurred, the government qualifies as a 'victim' under 18 U.S.C. § 3663A(2).").[2] However, most recently in United States v. Haileselassie, 668 F.3d 1033 (8th Cir. 2012), the court did overturn an award of restitution for a loss claimed by the government on the grounds it was a cost of investigation and prosecution and not a direct loss resulting from the commission of the offense. And, while that case did not involve "buy money," the court did cite the Ninth Circuit's decision in United States v. Salcedo-Lopez, supra, which did involve "buy money," for the proposition that investigation and prosecution costs are not direct losses for which restitution may be ordered. Haileselassie, 668 F.3d at 1036. Consequently, this court's authority to award restitution of "buy money" under § 3663 is questionable at best, absent a provision in the plea agreement providing for such restitution.[3]

---

[2] Defendant in the plea agreement in Ruff agreed "to pay restitution, as ordered by the Court, for controlled buy money expended during the investigation[.]" 420 F.3d at 773.

[3] In United States v. Dougherty, 810 F.2d 763 (8th Cir. 1987), the Eighth Circuit did sustain an award of restitution of $470 to the government in a case where an undercover agent purchased $950 in food stamps in exchange for $480. However, in that case, after referencing defendant's argument that the government created the crime by making the purchase of the food stamps and was not for this reason entitled to restitution, the court concluded that the government, in its capacity as the dispenser of the food stamps, had sustained a loss and was an aggrieved party in that sense for purposes of restitution as a condition of probation under 18 U.S.C. § 3651 (since repealed). Id. at 773; see United States v. Gibbens, 25 F.3d at 32-36 (recognizing that the expenditure of "buy money" for food stamps is different from "buy money" expended for other investigations because the United States as the dispenser of food stamps was the

4

Also questionable here is whether there is a specific agreement to pay "buy money," such that the court has the power to award restitution if the government is not a "victim" within the meaning of § 3663. The written plea agreement in this case states in paragraph 18 that the government will recommend at the time of sentencing that defendant "pay restitution if applicable." Paragraph 20 then goes on to provide:

> 20. Defendant acknowledges the provisions of Title 18, United States Code Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

Even assuming these provisions are not limited to restitution that is awarded pursuant to 18 U.S.C. §§ 2259 and 3663A - neither of which govern the award of restitution here, there is a substantial question whether the language is sufficient to satisfy § 3663's requirement that there be an agreement for any award of restitution to a non-victim, given the lack of specificity of the provisions. Notably, in the Eighth Circuit cases cited above where an award of restitution of "buy money" was permitted, the language of the plea agreements was more specific and, in fact, made specific reference to the "buy money."[4]

---

target of the crime and a victim in that sense, but ultimately concluding that the United States was not a "victim" within the meaning of § 3663 for the "buy money" because it was lost "as a consequence of a crime that it actively provoked in the course of carrying out an investigation" and was not a passive victim).

[4] The government also suggested that the court rely upon oral conversations between government's counsel and defendant's counsel after the written plea agreement was signed. However, when the court decided to take the issue of restitution under advisement, it had not yet resolved whether there was an actual agreement to pay restitution for some of the "buy money," or simply an agreement as to how much should be paid if the court awarded restitution, and, more importantly, whether defendant had understood and agreed to what had been discussed. In the future, the parties would be well advised to explicitly address restitution of "buy money" in the written plea agreement if that is going to be a part of the deal to be presented to the court.

Aside from whether restitution can be awarded for "buy money" in this case under §§ 3556 and 3663 as a standalone sentencing provision, there is also the question of whether it could be awarded as condition of defendant's probation. Under 18 U.S.C. § 3563(b), a court is authorized to impose as one of the "discretionary conditions" of probation a requirement that a defendant:

> (2) make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A).

However, many of the same questions exist with respect to restitution of "buy money" under this section, given its use of the term "victim." Several circuit courts have held that "victim" in § 3563(b)(2) should be interpreted the same as "victim" in §§ 3663 and 3663A in reaching the conclusion that restitution of "buy money" could not be awarded as a condition of supervised release under § 3583(d), which incorporates the discretionary provisions of probation under § 3563(b). E.g., United States v. Cottman, 142 F.3d at 169-170; Gall v. United States, 21 F.3d at 111; but cf. United States v. Daddato, supra. Arguably, there would be the same result if "victim" in § 3563(b)(2) was construed to include only passive sufferers of harm and not persons actively involved in promoting the commission of the offense. Cf. United States v. Gibbens, 25 F.3d at 34-36.

Finally, the court could always impose a fine in the amount of the "buy money." In fact, 21 U.S.C. § 844(a) has its own special provisions for fines, which, among other things, provide that, upon conviction "a person who violates this subsection shall be fined the reasonable costs of the investigation and prosecution of the offense . . . , except that this sentence shall not apply and a fine under this section need not be imposed if the court determines under the provision of Title 18 that the defendant lacks the ability to pay."

In this case, the court declines to award restitution for the "buy money" as a standalone part of the sentence after considering: the financial resources of the government; the extremely limited

financial resources of defendant; defendant's lack of earning capacity; defendant's advanced age; and defendant's dependent status, including the likelihood that any money paid by defendant will have to be replaced by other federal dollars. See 18 U.S.C. §§ 3556 & 3663(a). Consequently, the court need not decide whether the government is a "victim" with respect to the expenditure of "buy money" under 18 U.S.C. § 3663 or whether the written plea agreement is specific enough to allow the court to award restitution for such sums if the government is not a "victim."

For the same reasons, even if the court has the authority to award restitution for the "buy money" as a discretionary condition of probation under § 3563(b)(2), the court will not do so. Cf. United States v. Gibson, 873 F. Supp. 1339, 1346-47 (N.D. Iowa 1995) (declining to award restitution of "buy money" as a condition of supervised release for many of the same reasons). Finally, the court declines to award as a fine the costs of investigation and prosecution under 21 U.S.C. § 844 based on the court's determination of defendant's inability to pay as evidenced by the information in the PSIR.

Dated this 14th day of December, 2012.

                                             /s/ Charles S. Miller, Jr.
                                             Charles S. Miller, Jr.
                                             United States Magistrate Judge